

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00122-CR

**OTIS DWAYNE KIRVEN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-1545-C1

## O R D E R

In Trial Court Case No. 2012-1545-C1, Appellant Otis Dwayne Kirven pleaded guilty to aggravated assault (Count One) and failure to stop and render aid (Count Two). Kirven also pleaded true to the enhancement allegation. A jury then assessed Kirven's punishment at thirty-five and twenty years' imprisonment respectively, to be served concurrently. Two judgments were signed, one for each count.

Kirven filed one notice of appeal, showing his desire to appeal from "the judgment of conviction and sentence" rendered against him in Trial Court Case No. 2012-1545-C1. The appeal therefore bears one case number, Court of Appeals No. 10-14-00122-CR.

Kirven's appointed appellate counsel initially filed a brief challenging only the judgment and sentence for Count Two. Kirven's appointed appellate counsel has now filed a "letter brief pursuant to *Anders*," asserting that he has diligently reviewed the appellate record for Count One and that, in his opinion, any arguments as to that conviction are frivolous.[1] *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In light of the foregoing, we *sua sponte* sever this appeal into separate cause numbers, one for each judgment. Thus, the appeal of the judgment entered as to Count One will remain docketed as Court of Appeals No. 10-14-00122-CR. The appeal of the judgment entered as to Count Two will be docketed as Court of Appeals No. 10-15-00359-CR. The August 27, 2015 submission of No. 10-14-00122-CR is set aside.

Kirven's appointed appellate counsel is directed to file a motion to withdraw in No. 10-14-00122-CR in compliance with the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014), within 14 days of the date of this Order. We

---

[1] Kirven's appointed appellate counsel states in the letter brief:

> A brief has previously been filed on Appellant's behalf addressing the sentence on the failure to stop and render aid. Counsel, after a thorough examination of the record, was unable to develop any non-frivolous points of appeal as to the aggravated assault conviction and sentence. Appellant, however, insists that counsel prepare something appealing the aggravated assault conviction or an Anders brief on that point. Counsel is therefore submitting this letter brief pursuant to *Anders* on the aggravated assault conviction.

will construe Kirven's appellate counsel's "letter brief pursuant to *Anders*" as his *Anders* brief. Kirven has filed a pro se response to the "letter brief pursuant to *Anders*" that cites to the record, so it appears that he has a copy of the record. Kirven's appellate counsel is directed to confirm with the Court by letter whether Kirven has been provided a copy of the record.

The pro se response does not contain proof of service; however, to expedite this matter, we invoke Appellate Rule 2 to suspend Rule 9.5's proof-of-service requirement **for this document only**. The Clerk of this Court is directed to send copies of the pro se response to Kirven's appointed appellate counsel and the State. Within 30 days of the date of this Order, the State may file a reply to Kirven's pro se response or notify the Court that the State will not be filing a reply.


PER CURIAM


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Order issued and filed October 22, 2015
Do not publish

